OPINION
{¶ 1} Appellant Kimberly Burson ("mother") appeals the January 22, 2002 Judgment Entry entered by the Richland County Court of Common Pleas, Juvenile Division, approving and adopting the magistrate's October 29, 2001 Decision, which recommended the termination of mother's parental rights and responsibilities relative to her minor daughter, Tasha Re-Ne Bair, and recommended the granting of permanent custody of the child to appellee Richland County Children Services Board ("RCCSB").[1]
 STATEMENT OF THE FACTS AND CASE {¶ 2} On October 1, 2000, mother gave birth to Tasha Re-Ne Bair, twelve weeks prematurely. The trial court granted RCCSB emergency shelter care of the child on November 27, 2000, based upon mother's mental health problems and low mental functioning and/or intellectual limitations coupled with Tasha's special medical needs. Based upon an agreement by the parties, the trial court granted RCCSB temporary custody of Tasha on January 25, 2001. A case plan was developed for mother and made an order of the court. Subsequently, on April 12, 2001, RCCSB moved for permanent custody of Tasha. The magistrate conducted a contested hearing on the matter on October 10, 2001.
 {¶ 3} At the hearing, Angela Hoeflich, a social worker with RCCSB, testified she had been involved with the family since September, 1999, regarding Tasha's older sibling, Stephan Bair. Hoeflich noted RCCSB received permanent custody of that child in August, 2000. Although mother completed parenting classes as required by her case plan for Tasha, Hoeflich still had concerns over her ability to parent. For the most part, mother consistently visited with Tasha. RCCSB had concerns about mother's stability as she had had six residences in the past ten months. When counsel for RCCSB asked Hoeflich her opinion as to whether Tasha could receive an adequate permanent home with mother, counsel for mother objected, and the trial court ordered the question be rephrased. Hoeflich responded she could not say mother was able to properly parent the child at this time. Hoeflich testified Tasha has a seizure disorder for which she takes medication. Medical reports indicate the child has symptoms of mental retardation as well as cerebral palsy, and is developmentally at a four month old level although she is twelve months old. Hoeflich opined it was in Tasha's best interest to grant permanent custody to RCCSB.
 {¶ 4} On cross-examination, Hoeflich stated mother could change Tasha's diapers and feed her, however, Hoeflich noted mother needed assistance and reminders of the proper way to do those tasks. Hoeflich testified mother was bonded with the child, and the child responded to mother. Hoeflich expressed her belief mother's parenting skills would not improve over time. Hoeflich explained mother could not independently care for Tasha.
 {¶ 5} Based upon the evidence adduced at the hearing, the magistrate recommended RCCSB be granted permanent custody of Tasha. Mother filed timely objections to the magistrate's decision. Via Judgment Entry filed January 22, 2002, the trial court approved and adopted the magistrate's October 29, 2001 decision.
 {¶ 6} It is from this judgment entry mother appeals, raising the following assignments of error:
 {¶ 7} "I. THE COURT ERRED TO THE PREJUDICE OF APPELLANT/MOTHER BY ALLOWING THE OPINION OF THE CHILDREN SERVICES EMPLOYEE WITHOUT ANY QUALIFICATIONS.
 {¶ 8} "II. THE TRIAL COURT ERRED TO APPELLANT/MOTHER'S PREJUDICE IN FINDING THAT REASONABLE EFFORTS WERE MADE BY APPELLEE TO RETURN THE CHILD TO THE CHILD'S HOME.
 {¶ 9} "III. THE TRIAL COURT ERRED TO APPELLANT/MOTHER'S PREJUDICE IN THAT CLEAR AND CONVINCING EVIDENCE DID NOT EXIST THAT THE CHILD COULD NOT BE PLACED WITH APPELLANT/MOTHER WITHIN A REASONABLE TIME."
 {¶ 10} Along with her notice of appeal, mother filed a docketing statement as required by Loc. App.R. 10. The docketing statement requests the instant appeal should be assigned to the regular calendar. However, because this is an appeal from an order permanently terminating parental rights, the case is automatically assigned to the accelerated calendar pursuant to Loc. App.R. 6(B). Loc. App.R. 6 permits a party to object to the assignment of the appeal to the accelerated calendar by filing an objection within fourteen days of the filing of the docketing statement. We do not find merely marking the docketing statement to indicate the appeal be assigned to the regular calendar constitutes a sufficient objection pursuant to Loc.R. 6. Assuming, arguendo, such indication was a proper request, this Court would still decide the appeal on the briefs only as appeals from orders granting the termination of parental rights are to be expedited pursuant to App.R. 11.2.
 I {¶ 11} In her first assignment of error, mother maintains the trial court erred in allowing Hoeflich to give opinion testimony without any qualifications.
 {¶ 12} Evid.R. 701 permits the admission of lay witness testimony upon fulfillment of two requirements. The rule states: "If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of a fact issue."
 {¶ 13} The decision of whether or not to admit evidence under Evid.R. 701 is reviewed under an abuse of discretion standard. Urbana,ex rel. Newlin v. Downing (1989), 43 Ohio St.3d 109, 113, 539 N.E.2d 140. An abuse of discretion connotes more than an error of law or judgment, it implies that the trial court's attitude in reaching its judgment is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 14} We find Hoeflich's opinion testimony meets the criteria of Evid.R. 701. Hoeflich stated RCCSB had been involved with the family since September, 1999, when the agency sought custody of Tasha's brother. During the course of the instant case plan, Hoeflich had the opportunity to observe mother's actions and interactions with Tasha during mother's visitations with the child. Hoeflich described mother's need for assistance with Tasha despite mother's completion of parenting classes.
 {¶ 15} Upon review of the record, we conclude the case worker's opinion was rationally based on her perception and experience and was directly relevant to the issues at hand. Accordingly, we find the trial court did not abuse its discretion in admitting such testimony.
 {¶ 16} Mother's first assignment of error is overruled.
 II {¶ 17} In her second assignment of error, mother contends the trial court erred in finding RCCSB made reasonable efforts to return Tasha to mother's home.
 {¶ 18} R.C. 2151.419 requires the trial court to determine whether the agency filing the complaint for custody "has made reasonable efforts * * * to eliminate the continued removal of the child from his home, or to make it possible for the child to return home." Subsection (B) mandates the trial court to issue written findings of fact setting forth the reasonable efforts made by the agency, including a brief description of "the relevant services provided by the agency to the family of the child and why those services did not prevent the removal of the child from his home or enable the child to return home."
 {¶ 19} The trial court expressly set forth the findings contemplated by R.C. 2151.419 in its judgment entry. Nonetheless, we conclude the ultimate issue as to the reasonableness of RCCSB's efforts may also be determined from the record.
 {¶ 20} The record is replete with evidence establishing RCCSB made reasonable efforts to reunite mother and Tasha. RCCSB developed a case plan which outlined a specific plan of reunification. The case plan included visitations for mother with the child. RCCSB modified the visitation in order to accommodate mother's transportation difficulties. RCCSB provided mother with the opportunity to attend parenting classes and undergo psychological examinations.
 {¶ 21} Based upon the foregoing, we find the trial court did not err in finding RCCSB made reasonable efforts to reunite the family.
 {¶ 22} Mother's second assignment of error is overruled.
 III {¶ 23} In her final assignment of error, mother argues the trial court erred in finding RCCSB established by clear and convincing evidence Tasha could not be placed with mother within a reasonable time.
 {¶ 24} R.C. 2151.414(B) states, in part, "the court may grant permanent custody to the movant if the court determines at a hearing, by clear and convincing evidence, it is in the best interest of the child to grant permanent custody of the child to the agency and, if the child is not abandoned or orphaned, the child cannot be placed with either parent within a reasonable time or should not be placed with his/her parents."
 {¶ 25} R.C. 2151.414(E) states: "[i]f the court determines, by clear and convincing evidence, . . . that one or more" of the listed factors exist as to each parent, the court "shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent." The listed factors include: "(2) Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to division (A) of this section or for the purposes of division (A)(4) of section2151.353 of the Revised Code * * * (11) The parent has had parental rights involuntarily terminated pursuant to this section or section2151.353 or 2151.415 of the Revised Code with respect to a sibling of the child * * * (16) Any other factor the court considers relevant.
 {¶ 26} We have set forth the language in R.C. 2151.414(A)(2),(11), and (16) as those are the subsections which the trial court found applicable to the case sub judice. The evidence adduced at the hearing established mother has an IQ of 68, indicating mild mental retardation. Although she is minimally self supporting, mother requires supervision, guidance, and assistance, especially with stressful situations. Her low mental functioning negatively impacts her ability to parent. Additionally, mother suffers from a passive aggressive personality disorder, which features a pervasive pattern of negativistic attitudes and passive resistence to demands of adequate performances. Both diagnoses of mild mental retardation and passive aggressive personality disorder are chronic and pervasive, and not conducive to change even with treatment. Further, mother involuntarily lost her parental rights relative to her other child. Mother is unable to maintain adequate income and stable housing. Furthermore, Tasha has a seizure disorder and symptoms of cerebral palsy, and mother's ability to properly meet the child's special needs is limited.
 {¶ 27} Based upon the foregoing, we find the trial court did not err in finding Tasha could not or should not be returned to mother's home.
 {¶ 28} Mother's final assignment of error is overruled.
 {¶ 29} The judgment of the Richland County Court of Common Pleas, Juvenile Division, is affirmed.
By: Hoffman, P.J., Wise, J. and Edwards, J. concur
[1] Arnold Bair, Tasha's father, has not appealed the trial court's decision relative to the termination of his parental rights and responsibilities.